JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent. While ADC has been joined as a party primarily for the purpose of representing the interests of the inmates, it has declined to take a position in the lawsuit resulting in its dismissal, and its counsel advises this court that it did not join with the Inmate Council in appealing the judgment. The court’s decision today comes down to the simple statement that “ADC’s refusal to participate means there is no actual controversy, we affirm.” In essence, we have allowed an involuntary plaintiff to simply abandon the interests which it was appointed to represent.
This runs counter to the principle of providing for involuntary plaintiff status. An involuntary plaintiffs failure to act or appeal should not imply the absence of a real controversy. The involuntary nature of the status would not make it unsurprising that the involuntary plaintiff would fail to act. Should this be the ease, as it is here, the actual plaintiffs should be allowed to proceed in the name of the involuntary plaintiff.
The court’s opinion acknowledges the inmate’s financial stake in the issue, because *655 ADC pays for movie rentals from an inmate welfare fund generated by profits from commissary sales to inmates,.and prison employees. The opinion goes on to state that by statute ADC has total authority over all fund expenditures, as well as complete control over the renting and showing of videotaped movies at its prisons. In my view, the dis-.triet court’s joinder of the ADC should be viewed as a recognition of a fiduciary duty by ADC toward the inmates/Diagnostic Unit Inmate Council. The concept of an involuntary plaintiff arises from equity. In some situations there is recognition that the party sought to be joined [as an involuntary plaintiff] has a duty to allow the named plaintiff to use its name in the action. 7 Charles A. Wright et al., Federal Practice and Procedure § 1606, at 76 (1986). The duty to allow a plaintiff to use its name implies that if there is an opposing interest between the involuntary plaintiff and the defendant, then that controversy is imputed to the plaintiff that brought the action. The involuntary plaintiff is sometimes referred to as “the nominal plaintiff.” Thus, it follows that the inmates should be allowed to pursue declaratory judgment “in the name of’ the ADC.
The matter of who is named as a party plaintiff is important, because the federal procedural system is premised upon the assumption that those named as parties have rights and duties in the conduct of the litigation. June F. Entman, Compulsory Joinder of Compensating Insurers; Federal Rule of Civil Procedure 19 and the Role of Substantive Law, 45 Case W.Res.L.Rev. 1, 19 (1994). Nevertheless, in the above-cited article discussing the compulsory joinder of compensating insurers, the author makes reference to situations where when the insured otherwise has control of the claim, but fails or refuses to assert it, some states then permit the insurer to bring the claim, citing as an example, City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 842 (1944) (insured should sue for itself and as trustee for the insurer, but if the insured refuses to sue, “justice requires that the insurer be permitted to bring action”). Again, in the insurance context, when the insurer, because of conflict of interest, is not likely to protect the insured’s interest, a court may permit the insured to bring and control his own suit. Entman at 25.
ADC, as an involuntary plaintiff, should not be allowed to eliminate the “controversy” through its inaction. This, however, is the net result of the court’s opinion today.
Rule 17, in providing that an action shall be prosecuted in the name of the real party in interest, and specifying “bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another” contains descriptions that can well be applied to ADC. When this is read with Rule 19(a) with the provision allowing joinder of a party as an involuntary plaintiff, we should make sure that those provisions of the rule are effectuated. Here ADC is in essence a bailee of funds that have come from the inmates, possibly a trustee, and with respect to the movie rentals, a party with whom or in whose name a contract has been made for the benefit of the inmates. When the involuntary plaintiff refuses to act, as it has here, we should not allow that refusal to frustrate the intent of the rules, i.e., that the interest of the party be represented. We should allow counsel to be appointed to act for the inmates as actual plaintiffs, in the name of the involuntary, but passive and resistant, plaintiff.